UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAWRENCE F. CARTER,

      Petitioner,

v.                                    CASE NO. 6:09-cv-468-Orl-31KRS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

      Respondents.
_____

**<u>ORDER</u>**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases for the United States District Courts* (Doc. No. 9).  Petitioner filed a reply to the response (Doc. No. 12).

Petitioner alleges sixteen claims for relief in his habeas petition,  trial counsel was ineffective for failing to: (1) object to a photograph introduced by the State; (2) depose or interview a known State witness; (3) interview SWAT team members or introduce the SWAT team report at trial; (4) interview the confidential informant or present the audiotape of the confidential informant's conversation with the co-defendant at trial; (5) interview the co-defendant or secure his testimony for trial; (6) interview or depose

investigator Shank, the officer who personally searched him; (7) investigate the facts of the

case and challenge the "pat-down" procedure; (8) move to suppress the evidence seized;

(9) call a witness that could testify on his behalf; (10) properly advise him of all of the

consequences of testifying; (11) object to the prosecutor's closing comments and move for

a mistrial; (12) enter into a discussion with the State about a possible plea agreement; (13)

present mitigating evidence at the sentencing hearing; (14) present a viable theory of

defense; (15) submit the State's case to meaningful adversarial testing; and (16) a claim of

cumulative error.[1]

I.      *Procedural History*

Petitioner was charged by information with possession of cocaine with intent to sell

(count one) and trafficking in hydrocodone (count two).  Following a jury trial, Petitioner

was convicted as charged.  The trial court sentenced Petitioner to a fifteen-year term of

imprisonment for count one and to a thirty-year term of imprisonment for count two, with

a twenty-five year mandatory minimum term.  The court also ordered the sentences to run

consecutively to each other.  Petitioner appealed, and the Fifth District Court of Appeal *per*

*curiam* affirmed his convictions.

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the

Florida Rules of Criminal Procedure, asserting sixteen claims for relief.  The state trial court

summarily denied the post-conviction motion.  On appeal, the Fifth District Court of

---

[1]Petitioner has abandoned grounds eight and eleven, and therefore, the Court will
not address those claims (Doc. No. 1 at 15, 21).

Appeal affirmed *per curiam*.   The instant federal habeas corpus petition follows.

## II.   *Legal Standards*

### A.   *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision."  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider."  *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).  The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts.  Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct

governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[2] *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

## B.    Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[3] *Id.* at 687-88. A court must

---

[2]In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

[3]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome

adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## III.   *Analysis*

### A.   *Claim Nine*

Petitioner alleges that trial counsel was ineffective for failing to call James Maddox

---

determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

("Maddox") as a witness.  Petitioner argues that Maddox was with him earlier in the day, prior to Petitioner's arrest and could have told the court that the two bottles of hydrocodone without labels seized from Petitioner's vehicle belonged to him and not Petitioner.  Petitioner raised this claim in his Rule 3.850 motion for post-conviction relief (App. L).  The state trial court denied the claim, finding that is was unlikely that Maddox's testimony would have produced a reasonable likelihood of a different outcome in the case "given the weight of the other evidence against Defendant and the evidence available to impeach both Defendant's testimony and Maddox's proposed trial testimony - any one of the three pill bottles contained sufficient weight of hydrocodone to support the conviction for trafficking and, of course, it is not legal for any member of the general public to possess any amount of crack cocaine or powder cocaine."(App. P).[4]

"[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or an affidavit.  A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted); *Wright v. Secretary, Dep't of Corr.*, case no. 6:08-cv-618-Orl-35DAB, 2009 WL 5176558, at * 3 (M.D. Fla. Dec. 23, 2009).  In the present case, Petitioner has

---

[4]Although the state court found that the any one of the three bottles of hydrocodone contained sufficient weight to support a conviction for trafficking in hydrocodone, Petitioner had a valid prescription for one of the bottles of hydrocodone.  A valid prescription is a defense to trafficking in hydrocodone. *O'Hara v. State*, 964 So. 2d 839 (Fla. 2d DCA 2007).  Petitioner alleges that the other two bottles belonged to James Maddox, who had valid prescriptions for both bottles.

provided an affidavit of Maddox (Doc. No. 12, Exhibit D).  In this affidavit, Maddox stated that on June 4, 2004, Petitioner picked him up and took him to Dr. Kahn's office, where they both had appointments.  *Id.* After the appointments, both filled their prescriptions. *Id.*  Maddox attested that he had two prescriptions for hydrocodone, one for 7.5 mg and one for 10 mg.  *Id.*   Maddox then attested that he peeled the prescription labels from the bottles and left the bottles in the compartment located above the passenger seat in Petitioner's vehicle.  *Id.*  Finally, Maddox attested that Petitioner received several phone calls from Alvin Hankins ("Hankins"), who asked for a ride, and soon after Petitioner dropped him off so that he could pick up his friend.  *Id.* Maddox stated that he told Petitioner he would submit to a deposition and would testify on his behalf.  *Id.*

The record reveals that at trial, Investigator Blissett testified that after a search of Petitioner's vehicle was conducted, officers found two large pill bottles and one smaller pill bottle containing hydrocodone (App. B at T 146).  One bottle contained Petitioner's valid prescription, and the other two were unlabeled.  *Id.* at T 148-49.  Officers also searched Petitioner and found a bag containing eighteen light blue pills and a pill bottle that had cocaine in powder and rock form.  *Id.* at T 142.  Petitioner testified on his own behalf that he did not have cocaine in his pocket and that he had a prescription for hydrocodone.  *Id.* at T 216-19.  On cross-examination he testified that one of the pill bottles belonged to a man named James Maddox.  *Id.* at T 237-38.  Petitioner stated that he drove Maddox to the doctor, where Maddox also received a prescription for hydrocodone.  *Id.* at T 238. Petitioner testified that Maddox tore the label off of the bottle.  *Id.* at T 239.  Petitioner did

not know where the third pill bottle had come from.  *Id.* at T 240-41.

Petitioner was convicted of trafficking in more than 28 grams and less than 30 kilograms, of hydrocodone, a first degree felony subject to a twenty-five year mandatory minimum term of imprisonment. §893.135(1)(c)(1)(c), Fla. Stat. (2004).  Assuming Maddox was available and willing to testify that the two unlabeled bottles of hydrocodone found in Petitioner's vehicle that form the basis for the trafficking charge belonged to him, the Court finds that a question exists as to why counsel did not investigate or call Maddox as a witness at trial, or more to the point, whether trial counsel was ineffective for failing to call this witness.  Consequently, an evidentiary hearing must be held to determine whether trial counsel was ineffective for failing to investigate or call James Maddox as a defense witness at trial.

### B.    Claim One

Petitioner claims that trial counsel was ineffective for failing to object to a photograph introduced by the State at trial.  Specifically, Petitioner contends that counsel should have objected to the introduction of a photograph of the inside of his van, which was used to depict controlled substances that were allegedly in plain view and formed the basis of the probable cause to search him and his vehicle.  Petitioner argues that defense counsel should have objected on relevancy grounds as the photograph did not depict what Investigator Blissett testified to at trial.

Investigator Blissett testified at trial that on June 4, 2004, he was working as a narcotics investigator with the Volusia County Sheriff's Department (App. B at T 127-28).

8

Blissett was conducting a "buy-bust," which is what officers call an operation in which they, acting undercover, purchase narcotics from a person and then arrest that person. *Id.* at T 129-30. An officer was attempting to purchase narcotics from Hankins, Petitioner's co-defendant. *Id.* at T 130. Officer Jim Allen was with a confidential informant and completed a controlled buy. *Id.* at T 131. Once information was relayed to Blissett that the transaction was completed, Blissett ordered the SWAT team to move in. *Id.* at T 132. The SWAT team secured Hankins and Petitioner, who was driving the vehicle that Hankins occupied. *Id.* at T 133. Upon Blissett's arrival two minutes after the SWAT team secured the men, he observed the men outside of the van. *Id.* at T 134. Inside the van Blissett observed, in the cup holder in the center console of the vehicle, a large, clear plastic bag with several smaller clear plastic bags inside containing small rocks that appeared to be crack cocaine and a bag that contained an unknown amount of light blue pills. *Id.* at T 136-37. At that point Petitioner was arrested, and the items were removed from the vehicle. *Id.* at T 137. The State then offered into evidence a photograph of the van, depicting the plastic bags containing the controlled substances. *Id.* at T 138-39. Defense counsel did not object. *Id.* at T 140.

Petitioner raised this claim in his Rule 3.850 motion for post-conviction relief (App. L). The trial court denied the claim, finding that Petitioner had failed to establish prejudice pursuant to *Strickland* (App. P). The court stated that photographic evidence is admissible at trial as long as it fairly and accurately establishes a material fact and is not unduly prejudicial. *Id.* The court concluded that the photograph, which documented the location

and visibility of the bags containing cocaine which formed the probable cause for his arrest and search, was material to establish a disputed fact and an objection to the introduction of the photograph would not have been meritorious. *Id.* Petitioner appealed, and the Fifth District Court of Appeal *per curiam* affirmed the lower court's denial of this claim (App. Z).

In Florida, relevant evidence is defined as "evidence tending to prove or disprove a material fact." § 90.401, Fla. Stat. (2004). "All relevant evidence is admissible, except as provided by law." § 90.402, Fla. Stat. (2004). "Photographs are admissible to the extent that the fairly and accurately establish a material fact and are not unduly prejudicial." *Anderson v. State*, 841 So. 2d 390, 402 (Fla. 2003) (citing *Pangburn v. State*, 661 So. 2d 1182, 1188 (Fla. 1995)).

In this case, the photograph depicted Petitioner's vehicle and what appeared to be controlled substances in plain view. When a law enforcement officers is standing outside of a vehicle, looks in, and observes an item that he or she has probable cause to believe is associated with criminal activity, the seizure of the items and search of the vehicle is proper. *State v. Fischer*, 987 So. 2d 708, 710 (Fla. 5th DCA 2008). Thus, the photograph was relevant and material to the case, because the issue of whether there were drugs in plain view was disputed by Petitioner, who testified that the only controlled substance located in his vehicle was his prescription for hydrocodone.

Trial counsel did not act in a deficient manner by failing to object to the introduction of the photograph. Moreover, any deficiency on the part of counsel did not result in prejudice, as there is no indication that an objection to the photograph would have been

meritorious. Petitioner has failed to meet his burden of proving that the state court's decision was contrary to, or resulted in an unreasonable application of, federal law as established by the United States Supreme Court, nor was it an unreasonable determination in light of the facts presented.  Therefore, this claim is denied pursuant to § 2254(d).

### C.    Claim Two

In his second claim Petitioner alleges that trial counsel was ineffective for failing to depose or interview a known State witness.  Petitioner contends that trial counsel failed to investigate or depose Investigator Blissett prior to trial, in order to ascertain what he would be testifying to at trial.[5]

Petitioner raised this claim in his Rule 3.850 motion for post-conviction relief (App. L).  The state trial court summarily denied the claim stating the following:

> In Ground II, Defendant makes the conclusory assertion that his trial

---

[5]To the extent that Petitioner argues for the first time in his Reply that counsel failed to investigate other officers aside from Investigator Blissett and the confidential informant, the Court finds that these claims are untimely filed and do not relate back to the original petition. *See Duncan v. Walker*, 533 US. 167, 172 (2001) (finding that the filing a federal habeas petition does not toll the one-year limitations period).  Federal Rule of Civil Procedure 15(c)(2) provides in relevant part that "[a]n amendment to a pleading relates back to the date of the original pleading . . . when the amendment . . . asserts a claim that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out- in the original pleading." *See also Mayle v. Felix*, 545 U.S. 644, 659 (2005) (stating that relation back "depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims.").  An amendment which states an entirely new claim for relief based on a different set of facts will not relate back.  *Dean v. United States*, 278 F.3d 1218, 1222 (11th Cir. 2002); *Farris v. United States*, 333 F. 3d 1211, 1215 (11th Cir. 2003). The Court finds that Petitioner is not entitled to the benefit of Rule 15(c)'s relation back provisions because Petitioner's claims that counsel failed to investigate the other investigating officers and the confidential informant are based on a different set of facts that does not relate back to the original claim.

counsel did not depose or interview Investigator Blissett prior to trial and had "no idea" what Blissett would say.  He alleges no facts to support this claim; the mere fact that a formal deposition transcript was not filed with the Court certainly does not mean that no deposition, witness interview, or other appropriate investigation was conducted prior to trial.   Additionally, Defendant's motion does not identify any outcome-determinative issue (*i.e.* actual prejudice) that was omitted in Investigator Blissett's cross-examination by his trial counsel as a result of defense counsel's alleged failure to interview Blissett.

Furthermore, review of the trial transcript shows that defense counsel's cross-examination of Investigator Blissett elicited facts that were not presented in his direct examination testimony, such as the fact that the Defendant's passenger, Alvin Hankins, had outstanding arrest warrants and that there was a recording of Hankins' transaction with the informant that the State did not play for the jury, thus demonstrating that defense trial counsel had in fact investigated and familiarized himself with the facts of the case and the substance of what Investigator Blissett's testimony would be at trial.  (*See* TT, V. II, pp. 150, 151, and 152).   Accordingly, as the instant claim is facially insufficient, as well as refuted by the record, it is denied.

(App. P).  The Fifth District Court of Appeal *per curiam* affirmed on appeal (App. Z).

Petitioner has not demonstrated that he is entitled to relief on this claim.  Petitioner has not alleged what counsel would have learned had counsel deposed Investigator Blissett prior to trial.  Thus, Petitioner's claim is speculative in nature.  *See Tejeda v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (stating vague, conclusory, speculative and unsupported claims cannot support relief for ineffective assistance of counsel).  Petitioner has not shown that counsel's failure to depose Blissett rendered him unable to question Blissett during cross-examination.  Defense counsel thoroughly cross-examined Investigator Blissett, revealing that there was an audiotape of the transaction between the confidential informant and the co-defendant that was not presented at trial (App. B at T 151).   The state court's

determination that this claim was without merit is not contrary to, nor an unreasonable application of, federal law, nor was it an unreasonable determination in light of the facts presented.  Accordingly, claim two is denied pursuant to § 2254(d).

### D.    Claim Three

Petitioner claims that trial counsel rendered ineffective assistance by failing to interview the SWAT team members or introduce their report at trial.  Petitioner specifically contends that trial counsel failed to investigate the facts and learn the sequence of events that led up to the SWAT team's intervention.   Petitioner argues that by failing to investigate, counsel could not argue that the search was illegal.

Petitioner raised this claim in his Rule 3.850 motion for post-conviction relief (App. L).  The state trial court summarily denied the claim, stating:

> Given the testimonial and photographic evidence at trial that the police had already acquired probable cause to search both Defendant and his van based upon seeing the cocaine in open view in the van when they stopped it to arrest passenger Alvin Hankins, there is no likelihood that trial counsel could have succeeded in obtaining suppression of the evidence seized from Defendant's pockets or the inside of his van from the trial court as proposed by the Defendant.  In fact, trial counsel used the fact that the State did not call law enforcement officers from the SWAT team to Defendant's benefit by arguing lack of evidence and reasonable doubt in Defendant's defense.  (*See* TT, V. 111, p. 258).  Again, Defendant has failed to allege facts demonstrating a *prima facie* showing of actual prejudice as a result of trial counsel's alleged deficient performance . . . .

(App. P). On appeal, the Fifth District Court of Appeal affirmed *per curiam* (App. Z).

Petitioner has not demonstrated that trial counsel acted in a deficient manner by failing to interview the SWAT team members to learn of the sequence of events or that

counsel's failure resulted in prejudice.   Investigator Blissett testified that after the confidential informant and Officer Allen relayed the information that the controlled buy with Hankins was completed, Blissett ordered the SWAT team to move onto the scene to arrest Hankins (App. B at T 132). The SWAT team then secured the occupants of the van. *Id.* at T 133.  Blissett arrived approximately two to three minutes later.  *Id.* at T 133, 135. Upon Blissett's arrival he observed Hankins secured by an officer on the passenger side of the van and Petitioner outside of the driver's side door of the van.  *Id.*  Blissett walked over to the driver's side door of the van, where he observed a bag containing several smaller bags with rocks inside that appeared to be crack cocaine and a bag containing an unknown amount of light blue pills in the cup holder of the center console of the vehicle.  *Id.* at T 136-37.  At that point Petitioner was arrested, and the officers searched the vehicle. *Id.* at T 137, 141-46.

Petitioner has not stated what further investigation and interview of the SWAT team members would have revealed.  Investigator Blissett arrived on the scene a mere two to three minutes after the SWAT team members secured the passengers of the van.  Moreover, it was not until Investigator Blissett arrived and saw what appeared to be controlled substances in plain view in Petitioner's vehicle that the vehicle was searched.  Petitioner was not searched before Investigator Blissett arrived.

Moreover, Investigator Blissett had probable cause to search Petitioner and his vehicle.  It is undisputed that the officers were investigating Hankins' sale of drugs and had a lawful right to stop the vehicle.  *Ramirez v. State*, 15 So. 3d 827, 830 (Fla. 2d DCA 2009)

14

(finding a confidential informant's tip, "along with corroborating circumstances surrounding it, can provide sufficient probable cause for the police to effectuate a stop and search of a vehicle or person."). The officers ordered the occupants of the vehicle to step outside, and then saw, in open view, what appeared to be crack cocaine and an unknown quantity of pills. "Seizure of contraband in plain view, where officers have a lawful right to be, is proper if the incriminating nature of the evidence is apparent." *State v. Walker*, 729 So. 2d 463, 464 (Fla. 2d DCA 1999). Determination of the incriminating nature of the evidence "merely requires that the facts available to the officer would lead a reasonable man of caution to believe that certain items would be contraband." *Id.* (citations omitted). The record shows that Investigator Blissett had extensive experience in narcotics enforcement and immediately suspected the off-white rocks to be crack cocaine. Therefore, Investigator Blissett had probable cause to seize the bags containing the contraband.

"Once probable cause based on plain view exists, police must still obtain a warrant to search . . .unless exigent circumstances exist." *Id.* at 465. Open view of contraband in a vehicle justifies a warrantless seizure of the contraband. *State v. Waterman*, 638 So. 2d 1032, 1036-37 (Fla. 2d DCA 1994) (finding that under the automobile exception to the warrant requirement, a car's ready mobility creates exigent circumstances). Thus, the police properly seized the contraband in Petitioner's car under the automobile exception to the warrant requirement. Moreover, the police then properly searched Petitioner incident to his arrest. *Brown v. State*, 24 So. 3d 671, 678 (Fla. 5th DCA 2009) (stating the authority to search a person incident to a lawful arrest based upon probable cause is reasonable under

the Fourth Amendment) (citing *New York v. Belton*, 453 U.S. 454, 460 (1981)).

Petitioner has failed to demonstrate that the state court's determination of this claim was contrary to, or involved an unreasonable application of, federal law, nor was it an unreasonable determination in light of the facts presented. Therefore, claim three is denied pursuant to § 2254(d).

### E.   *Claims Four and Five*

Petitioner claims in ground four that trial counsel rendered ineffective assistance by failing to interview the confidential informant or present the audiotape of the confidential informant's conversation with the co-defendant at trial. Petitioner contends that the tape would have proved that he was not involved with the drug sale, nor was he committing any crime when Hankins sold drugs to the confidential informant and undercover police officer. In ground five Petitioner alleges that trial counsel was ineffective for failing to interview his co-defendant or secure his testimony for trial. Petitioner asserts that his co-defendant's testimony would have supported his contention that he was not involved in the drug transaction, that the police illegally searched the van, and that the drugs were not in plain view.

Petitioner raised the instant claim in his Rule 3.850 motion for postconviction relief (App. L). The state trial court denied the claim, stating the following:

> As the State has noted, it conceded in opening statements that it was not accusing Defendant of participating in Hankins' drug deal with the [confidential informant] . (*See* TT, V. II, pp. 117-119). Although Defendant contends that his lack of participation in the drug transaction would have somehow negated the officer's probable cause to search him and his van, this

16

argument completely ignores the fact, established by the officers' trial testimony and corroborated by the photographs of the interior of the van, that their probable cause to search Defendant and his van derived from the officers seeing baggies of what appeared to be crack cocaine and pills in open view in Defendant's van, not from any belief that Defendant was armed with a concealed weapon or that he was actively participating in Defendant's drug transaction with the C.I. (*See* TT, V. 1, pp. 136-37, 139-40, 146).  Additionally, although it was really a red herring, trial counsel used the State's failure to play the audiotape of the controlled drug transaction between the C.I. and Hankins to argue lack of evidence and reasonable doubt on Defendant's behalf to the jury at trial.  (*See* TT, V. III, pp. 258 and 281).

(App. P).  On appeal, the Fifth District Court of Appeal *per curiam* affirmed the denial of this claim (App. Z).

A review of the record reveals that Petitioner is not entitled to relief on these claims. Petitioner was not charged with participating in the sale of crack cocaine to the confidential informant and undercover police officer.  Investigator Blissett testified that the officers' objective was to conduct a buy bust with Hankins.  *Id.* at T 130.  Hankins was the "main target" and had outstanding warrants for his arrest.  *Id.* at T 150-51.  It is unclear what the audiotape of the conversation between the confidential informant and Hankins would have revealed or how this audiotape would have been helpful to Petitioner's case.  Petitioner was charged with possession of cocaine with intent to sell and trafficking in hydrocodone based on the drugs that were found in his vehicle after the police officers stopped Petitioner and Hankins in order to effectuate Hankins' arrest for selling crack cocaine to the undercover police officer and confidential informant.

Additionally, as the Court noted *supra,* in relation to grounds one and three, the testimony and photograph introduced at trial indicated that the drugs in Petitioner's

vehicle were in plain view, which provided probable cause to search the vehicle. Petitioner

has not demonstrated that counsel acted deficiently or that any such deficiency resulted in

prejudice. There is no indication that the state court's determination of these claims was

contrary to, or an unreasonable application of, *Strickland*, or that it was an unreasonable

determination in light of the facts presented. As such, these claims are denied pursuant to

§ 2254(d).

> F.    *Claims Six and Seven*

In claim six Petitioner argues that trial counsel was ineffective for failing to

interview or depose Investigator Shank, the officer who personally searched him.

Petitioner states that had counsel investigated this witness, counsel would have learned

that the pat down search was illegal. In claim seven Petitioner alleges that trial counsel was

ineffective for failing to investigate and challenge the pat down procedure.

Petitioner raised this claim in his Rule 3.850 motion for post-conviction relief (App.

L). The state trial court denied the claim based on the following findings:

> First, Defendant's argument ignores the evidence at trial, which
> clearly established that the probable cause to search Defendant and the
> closed compartments in Defendant's van was based upon Investigator
> Blissett having seen baggies of pills and suspected crack cocaine lying in
> open view in Defendant's van (which incidentally matched the drugs found
> in Defendant's pockets) before Defendant was personally searched, rather
> than any notion that Defendant was armed or that he had actively
> participated in the drug transaction between Hankins and the C.I. (*See* TT, V.
> II, pp. 136-146). Again, although trial counsel argued that the State's failure
> to call Investigator Shank at trial and present his testimony constituted a lack
> of evidence that should give rise to reasonable doubt concerning Defendant's
> guilt (*See* TT, V. III, pp. 258 and 279), Defendant has not alleged facts
> demonstrating actual prejudice based upon failure to call Investigator Shank

at a pre-trial suppression hearing or at trial.  He offers nothing but speculative assertions concerning what he thinks Investigator Shank might have said but, again, has not alleged the existence of any actual evidence from Shank or any other source that, if presented, would have been reasonably likely to result in suppression of the drug evidence prior to trial or to a different outcome at trial.

(App. P).  The Fifth District Court of Appeal *per curiam* affirmed the lower court's denial of this claim (App. Z).

Petitioner has not demonstrated that he is entitled to relief on this claim.  As the Court noted, *supra*, the search of Petitioner was legal.  Upon viewing the bags containing what was suspected to be crack cocaine and an unknown type of pills in open view, the officers had probable cause to search the vehicle, arrest Petitioner, and search his person. Furthermore, even if the search of Petitioner occurred before the search of his vehicle, as Petitioner contends, the search was legal.  *Ramirez v. State*, 15 So. 3d 827, 830 (Fla. 2d DCA 2009) (finding a confidential informant's tip, "along with corroborating circumstances surrounding it, can provide sufficient probable cause for the police to effectuate a stop and search of a vehicle or person).  Once Investigator Blissett learned that Hankins had sold the confidential informant and undercover officer drugs, the officers had probable cause to stop the vehicle Hankins was riding in and search the vehicle and occupants of the vehicle. Petitioner has not demonstrated that defense counsel's failure to interview or depose Investigator Shank and failure to challenge the pat down search resulted in prejudice.

Petitioner has failed to meet his burden of proving that the state court's decision was contrary to, or resulted in an unreasonable application of, federal law as established by the

United States Supreme Court, nor was it an unreasonable determination in light of the facts presented.  Therefore, these claims are denied pursuant to § 2254(d).

### G.   Claim Ten

In his tenth claim, Petitioner alleges that trial counsel was ineffective for failing to properly advise him of the consequences of testifying.  Specifically, Petitioner claims that counsel failed to inform him that he would be impeached with his prior convictions and that he would be the only witness.  Petitioner raised this claim in his Rule 3.850 motion for post-conviction relief (App. L).  The state trial court summarily denied the claim, stating that Petitioner had failed to demonstrate prejudice pursuant to *Strickland* (App. P).  The Fifth District Court of Appeal *per curiam* affirmed the lower court's denial of this claim (App. Z).

Petitioner has not demonstrated that he is entitled to relief on this claim.  First, Petitioner has not alleged that but for counsel's advice, he would not have testified in his own defense.  Additionally, even if counsel failed to inform Petitioner that the State could impeach him with his prior convictions, the Court finds that this deficiency did not result in prejudice.  On direct examination, defense trial counsel had Petitioner explain not only the number of prior convictions, but the circumstances surrounding the convictions.  It is difficult to believe that Petitioner was unaware that the State could further impeach him using these convictions when he opened the door to such impeachment on direct examination.  Finally, at the close of the trial, the trial court asked Petitioner if he was satisfied with the services that counsel rendered and Petitioner responded that he was

satisfied (App. B at T 305).  If Petitioner was dissatisfied with the fact that trial counsel opened the door to impeachment using his prior convictions or that counsel failed to call any other witnesses, he should have addressed it at that time.  Furthermore, Petitioner has not alleged what other witnesses counsel failed to call.

The state court's determination of the claim was not contrary to, nor an unreasonable application of, clearly established federal law.  Accordingly, this claim is denied pursuant to § 2254(d).

### H.    Claim Twelve

Petitioner claims that trial counsel was ineffective for failing to enter into discussions with the State about a possible plea agreement.  Petitioner raised this ground in his Rule 3.850 motion (App. L).  The state court denied relief, finding the claim was facially insufficient and speculative (App. P).  Specifically, the state court explained that Petitioner was not entitled to receive any plea offer or bargain from the State.  *Id.* Moreover, the court noted that Petitioner had not alleged that there was a favorable plea bargain offered by the State that was not conveyed to him.  *Id.*  The Fifth District Court of Appeal affirmed *per curiam* (App. Z).

A criminal defendant does not have the right to obtain a plea agreement with terms tailored to his liking.  Rather, the decision of whether to offer a plea agreement and what terms to include in that agreement are matters of prosecutorial discretion which the Court will not disturb.  *See Weatherford v. Bursey*, 429 U.S. 545, 561 (1977) ("[T]here is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to

trial"); *Williams v. Jones*, 571 F.3d 1086, 1091 (10th Cir. 2009) ("[P]lea offers are discretionary and the assistant . . . [state] attorney. . . [is] not required to extend . . . or keep an offer open."); *Parker v. State*, 790 So. 2d 1033 (Fla. 2001).

Petitioner has not demonstrated that trial counsel acted deficiently or that any deficiency resulted in prejudice.  Petitioner was not entitled to receive a plea offer.  Moreover, as the state court noted, Petitioner has not alleged that trial counsel failed to convey a plea offer to him.  The state court's determination of this claim was not contrary to, or an unreasonable application of, federal law.  Accordingly, claim twelve is denied pursuant to § 2254(d).

### I.      Claim Thirteen

In his thirteenth claim Petitioner argues that trial counsel was ineffective for failing to present mitigating evidence at the sentencing hearing.  Petitioner contends that given his advanced age[6] and health issues,[7] counsel should have petitioned the trial court for a more lenient sentence.  Petitioner raised this claim in his Rule 3.850 motion for post-conviction relief (App. L).  The state trial court denied the claim, stating the following:

> The proposed mitigation evidence listed in Defendant's motion consists of his age, veteran status, and the fact that he is an amputee.  Those facts were previously made known to the sentencing court by Defendant at trial.  (*See* TT, V. III, pp. 216-217, 220 and 228).  Defendant was personally afforded the opportunity to speak on his own behalf and offer mitigation evidence at his sentencing hearing not once but twice and chose not to do so.

---

[6]Petitioner alleges that he was sixty-one years old at the time of sentencing.

[7]Petitioner is a Vietnam War veteran who was exposed to agent orange and is also an amputee.

> (*See* Sentencing Transcript, pp. 7-11, and 13 - *attached hereto* as Appendix B).
> Additionally, it is noteworthy that the trafficking charge in this case carried
> a 25-year minimum mandatory penalty.  The sentence imposed for the
> cocaine charge was 15 years and the sentence for the trafficking charge was
> 30 years, with 25 of those years being the required minimum mandatory
> term; a downward departure sentence was not a legal sentencing option in
> this case.  Accordingly, as this claim fails to establish a *prima facie* showing of
> actual prejudice or deficient attorney performance with regard to
> Defendant's sentencing hearing, it is denied.

(App. P).  On appeal, the Fifth District Court of Appeals *per curiam* affirmed the lower

court's denial of this claim (App. Z).

The record reflects that during trial, Petitioner testified that he was a Vietnam War

veteran (App. B at T 216).  Petitioner also testified that when he was in Vietnam, he was

sprayed with agent orange, and that he gets cysts as a result.  *Id.* at T 216-17.  Finally,

Petitioner discussed that he had his leg amputated and that he is prescribed hydrocodone

to help with the pain from his cysts and his phantom limb sensations.  *Id.* at T 217.  During

sentencing, the state trial court gave Petitioner several opportunities to address the court,

however, Petitioner declined and merely stated, "I confess my innocence." (App. E at T 8-

13).  The state trial court sentenced Petitioner to thirty years in prison for the trafficking

conviction, with a twenty-five year mandatory minimum.  *Id.* at T 14.  The court also

sentenced Petitioner to a fifteen-year term of imprisonment for the possession of cocaine

with intent to sell conviction.  *Id.* at T 10.

The record demonstrates that the sentencing court was aware of Petitioner's age, his

Veteran status, and his health problems.  Even if counsel had presented evidence regarding

these facts at sentencing, the trial court could not impose a downward departure sentence

in this case.  The trafficking statute authorizes the state attorney to move for a reduced or

suspended sentence of any person convicted of a violation of the trafficking statute if the

person provides substantial assistance.   § 893.135(4), Fla. Stat. (2004).   There was no

substantial assistance agreement in this case, therefore, the court was not authorized to

reduce the mandatory minimum sentence or grant a downward departure.  *See Figuerreo*

*v. State*, 42 So. 3d 887, 888 (Fla. 3d DCA 2010) (finding section 893.135(4) of the Florida

Statutes only authorizes a reduction in sentence when a criminal defendant provides the

State with substantial assistance).  There is no indication that trial counsel acted deficiently

or that any such deficiency resulted in prejudice to Petitioner.

Petitioner has not met his burden of proving that the state court's determination of

this claim was contrary to, or involved an unreasonable application of, federal law.  As

such, claim thirteen is denied pursuant to § 2254(d).

## J.    *Claim Fourteen*

Petitioner claims that trial counsel was ineffective for failing to present a viable

theory of defense.  Specifically, Petitioner contends that counsel presented "a weak theory

of defense" and should have called witnesses to support his theory that the police lied

about the case and the FDLE testing of the drugs was tainted.  Petitioner raised this claim

in his Rule 3.850 motion for post-conviction relief (App. L), and the state trial court

summarily denied the claim (App. P).  On appeal, the Fifth District Court of Appeal

affirmed *per curiam* (App. Z).

Petitioner has not demonstrated that he is entitled to relief on this claim.  Petitioner

24

has not alleged what witnesses could have been called to support his contention that the police were "lying" about the sequence of events and that the testing of the drugs was tainted. Petitioner merely speculates that other witnesses could have been called to support his theory of defense, but does not provide any names of witnesses, what they would have stated, and whether they were available for trial. As the Court noted previously, "[e]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or an affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted); *Wright v. Secretary, Dep't of Corr.*, case no. 6:08-cv-618-Orl-35DAB, 2009 WL 5176558, at *3 (M.D. Fla. Dec. 23, 2009). Petitioner's vague suggestion that counsel could have called witnesses to support his theory of defense fails as he has not presented any actual proposed testimony from any witnesses.

The state court's rejection of this claim was neither contrary to, nor an unreasonable application of, federal law. Accordingly, this claim is denied pursuant to § 2254(d).

### K.      *Claim Fifteen*

In claim fifteen, Petitioner alleges that trial counsel was ineffective for failing to submit the State's case to meaningful adversarial testing. Petitioner argues that counsel "virtually allowed the [S]tate to proceed at trial unchallenged." Petitioner raised this claim in his Rule 3.850 motion for post-conviction relief (App. L). The state trial court denied the claim, finding that counsel did meaningfully test the State's case by cross-examining every

State witnesses and challenging the accuracy of their recollections and testing and by never conceding guilt to the charged offenses (App. P).  On appeal, the Fifth District Court of Appeal affirmed *per curiam* (App. Z).

In *United States v. Cronic*, 466 U.S. 648, 659 (1984), the United States Supreme Court stated that "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable."  Furthermore, the Court held that in such situations where counsel fails to subject the State's case to adversarial testing no showing of prejudice is required because prejudice is presumed.  *Id.*

Petitioner is not entitled to a presumption of prejudice in this case because he has not demonstrated that counsel failed to submit the State's case to adversarial  testing. Defense counsel thoroughly cross-examined all of the State's witnesses and called Petitioner to testify in his own defense that the contraband found in the vehicle did not belong to him.  Petitioner is not entitled to relief merely because his defense was unsuccessful.

The state court's determination of this claim was not contrary to, or an unreasonable application of, clearly established federal law as is determined by the United States Supreme Court.  Thus, claim fifteen is denied pursuant to § 2254(d).

L.      *Claim Sixteen*

In his sixteenth ground for relief Petitioner raises a claim of cumulative error.  The Court must "consider the cumulative effect of . . . [the alleged errors] and determine

whether, after viewing the trial as a whole, [Petitioner] received a fair trial as is . . . due under our Constitution." *Conklin v. Schofield*, 366 F.3d 1191, 1210 (11th Cir. 2004). The Court has considered the cumulative effect of Petitioner's claims of error and finds that he cannot demonstrate cumulative error sufficient to entitle him to federal habeas relief.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      Petitioner's claims in grounds one through eight and ten through sixteen are **DENIED**.

2.      The Court will hold an evidentiary hearing with regard to claim nine raised in the habeas petition: that Petitioner received ineffective assistance of counsel because counsel failed to call James Maddox as a witness.  The hearing is scheduled for **May 26, 2011**, at 9:00 a.m., at  Courtroom 5A of the George C. Young United States Courthouse and Federal Building on 401 W. Central Boulevard,  Orlando, Florida 32801.

3.      The United States Magistrate Judge is directed to appoint counsel on behalf of Petitioner.

4.      **On or before April 29, 2011**, Petitioner shall file a statement entitled "Pretrial Narrative Statement."  The Pretrial Narrative Statement shall contain:

(a)      A brief general statement of the case.

(b)      A narrative written statement of the facts that will be offered by oral or documentary evidence at the evidentiary hearing.

(c)     A list of all exhibits to be offered into evidence at the evidentiary hearing.

(d)     A list of the full names and addresses of places of employment for all the witnesses that Petitioner intends to call.

(e)     A summary of the anticipated testimony of <u>each</u> witness named in (d).

5.     **On or before May 13, 2011**, the Government shall file a "Pretrial Narrative Statement," entitled as such.   The Pretrial Narrative Statement shall comply with paragraphs 4(a) through (e) above.

**DONE AND ORDERED** in Orlando, Florida, this 10th day of March, 2011.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 3/10
Counsel of Record
Lawrence F. Carter