UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAWRENCE F. CARTER,

    Petitioner,

v.                                            CASE NO. 6:09-cv-468-Orl-31KRS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## **ORDER**

This case is before the Court on Respondents' Motion to Dispense With Evidentiary Hearing (Doc. No. 23) and Petitioner's Response (Doc. No. 33).  Respondents assert that the Court may not hold an evidentiary hearing pursuant to *Cullen v. Pinholster*, 131 S.Ct 1388 (2011), issued on April 4, 2011 (Doc. No. 23 at 1).  Respondents argue that pursuant to *Pinholster*, federal district courts may not hold evidentiary hearings in which new evidence is considered when the claim at issue was adjudicated on the merits in the state court.

In *Pinholster*, the United States Supreme Court addressed whether habeas review "under § 2254(d)(1) permits consideration of evidence introduced in an evidentiary hearing before the federal habeas court." 131 S. Ct at 1398.  The Supreme Court held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.*; *see also Atkins v. Clarke*, No. 10-1870, 2011 WL 1419127, at *2-3 (1st Cir. Apr. 13, 2011) (rejecting the appellant's claim that adjudication on the merits requires a full and fair evidentiary hearing held in the state court and finding that under

*Pinholster,* an evidentiary hearing was not warranted in the federal district court); *Jackson v. Kelly*, No. 10-1, 10-3, 2011 WL 1534571, at *12 (4th Cir. Apr. 25, 2011) (noting that pursuant to *Pinholster*, when a claim is adjudicated on the merits in the state court, the federal court is precluded from supplementing the record with facts adduced for the first time at a federal evidentiary hearing); *Diggs v. Secretary, Dept. of Corr.*, No. 8:10-cv-1235-T-33EAJ, 2011 WL 1532165, at *7-8 (M.D. Fla. Apr. 22, 2011) (noting that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits).

The *Pinholster* Court further stated that its holding did not render § 2254(e)(2) superfluous. 131 S. Ct. at 1400. The Court noted that "[s]ection 2254(e)(2) continues to have force where § 2254(d)(1) does not bar federal habeas relief. For example, not all federal habeas claims by state prisoners fall within the scope of § 2254(d), which applies only to claims "adjudicated on the merits in State court proceedings." *Id.* at 1401. The Court also stated that "[a]t a minimum, therefore, § 2254(e)(2) still restricts the discretion of federal habeas courts to consider new evidence when deciding claims that were not adjudicated on the merits in state court." (citations and footnote omitted). The "AEDPA's statutory scheme is designed to strongly discourage" state prisoners from submitting new evidence in federal court. *Id.*

Petitioner asserts that the state court decision was not an adjudication on the merits under 28 U.S.C. § 2254(d) because the state court denied claim nine for failing to state a *prima facie* claim of actual prejudice (Doc. No. 33 at 7). This Court disagrees. Petitioner raised the claim at issue here in his Rule 3.850 motion for post-conviction relief (App. L).

The state trial court denied the claim on the merits, finding that a reasonable likelihood did not exist that Maddox's testimony would have produced a different outcome in the case "given the weight of the other evidence against Defendant and the evidence available to impeach both Defendant's testimony and Maddox's proposed trial testimony - any one of the three pill bottles contained sufficient weight of hydrocodone to support the conviction for trafficking and, of course, it is not legal for any member of the general public to possess any amount of crack cocaine or powder cocaine."(App. P).[1] Because claim nine was denied on the merits, this Court concludes, pursuant to *Pinholster*, that an evidentiary hearing is not appropriate.

Petitioner nevertheless maintains that he is entitled to relief because the state court decision was contrary to federal law as established in *Strickland v. Washington*, 466 U.S. 668 (1984) (Doc. No. 33 at 6). Specifically, Petitioner argues that his claim satisfies both the performance and prejudice prongs of *Strickland*. *Id.* Additionally, Petitioner asserts that the state court decision resulted in an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Id.* at 9-10. The Court agrees.

Evidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or an affidavit. Here, Petitioner provided the

---

[1] Although the state court found that any one of the three bottles of hydrocodone contained sufficient weight to support a conviction for trafficking in hydrocodone, Petitioner had a valid prescription for one of the bottles of hydrocodone. A valid prescription is a defense to trafficking in hydrocodone. *O'Hara v. State*, 964 So. 2d 839 (Fla. 2d DCA 2007). Petitioner alleges that the other two bottles belonged to Maddox, who had valid prescriptions for both bottles.

3

Court with the affidavit of Maddox (Doc. No. 12, Ex. D), in which he attested that on June 4, 2004, Petitioner picked him up and drove him to Dr. Kahn's office, where they both had appointments. *Id.* After the appointments, both filled their prescriptions. *Id.* Maddox attested that he had two prescriptions for hydrocodone, one for 7.5 mg and one for 10 mg. *Id.* Maddox also attested that he peeled the prescription labels from the bottles and left the bottles in the compartment located above the passenger seat in Petitioner's vehicle. *Id.* Finally, Maddox attested that Petitioner received several phone calls from Alvin Hankins ("Hankins"), who asked for a ride, and soon thereafter Petitioner dropped him off so that he could pick up Hankins. *Id.* Maddox stated that he told Petitioner he would submit to a deposition and would testify on his behalf. *Id.*

The record reveals that at trial, Investigator Blissett testified that after a search of Petitioner's vehicle was conducted, officers found two large pill bottles and one smaller pill bottle containing hydrocodone (App. B at T 146). One bottle contained Petitioner's valid prescription, and the other two were unlabeled. *Id.* at T 148-49. Petitioner testified on his own behalf that he had a prescription for hydrocodone. *Id.* at T 216-19. On cross-examination he testified that one of the pill bottles belonged to a man named James Maddox. *Id.* at T 237-38. Petitioner stated that he drove Maddox to the doctor, where Maddox also received a prescription for hydrocodone. *Id.* at T 238. Petitioner testified that Maddox tore the label off of the bottle. *Id.* at T 239. Petitioner did not know from where the third pill bottle had come. *Id.* at T 240-41.

Petitioner was convicted of trafficking in more than 28 grams and less than 30 kilograms, of hydrocodone, a first degree felony subject to a twenty-five year mandatory minimum term of imprisonment. § 893.135(1)(c)(1)(c), Fla. Stat. (2004). Had Maddox testified at trial consistent with his affidavit, his testimony would serve to exonerate Petitioner from liability under count one. Thus, in light of the evidence before this Court, the Court concludes that trial counsel was ineffective for failing to investigate or call Maddox as a witness at trial. Moreover, counsel's failure to call Maddox resulted in prejudice, as there is a reasonable probability that Petitioner would not have been convicted of trafficking in hydrocodone if there were valid prescriptions for all three bottles of hydrocodone seized from his vehicle. The Court finds the state court's determination of this claim was contrary to, or an unreasonable application of, *Strickland* and resulted in an unreasonable determination of the facts in light of the evidence presented.[2] *See Beck v. Nooth*, No. CV 08-636-KI, 2011 WL 1456164, at *8-11 (D. Or. Apr. 14, 2011) (concluding that under *Pinholster*, review pursuant to § 2254(d) is limited to the record that was before the state court and granting habeas relief because there was a reasonable probability that, had trial counsel investigated petitioner's competence and requested a hearing, petitioner would have been found incompetent and would not have entered the guilty plea). Petitioner has met his burden under § 2254(d), and habeas relief is warranted.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

---

[2] The state court's conclusion that Maddox's testimony would not have produced a reasonable likelihood of a different outcome is without substantive support.

1. Respondents' Motion to Dispense With Evidentiary Hearing (Doc. No. 23) is **GRANTED**.

2. The April 4, 2011, Order (Doc. No. 15) is **VACATED** to the extent that the Court ordered an evidentiary hearing to be held on claim nine. The evidentiary hearing scheduled for May 26, 2011, at 9:30 a.m. in Orlando Courtroom 5A is **CANCELLED.**

3. The Writ of Habeas Corpus Ad Testificandum, issued by the Court on March 14, 2011 (Doc. No. 17) is **VACATED**.

4. Claim Nine of the Petition for Writ of Habeas Corpus filed by Lawrence F. Carter (Doc. No. 1) is **GRANTED** to the extent that the Court finds trial counsel to have rendered ineffective assistance by failing to investigate and call James Maddox as a witness at trial.

5. The writ of habeas corpus will be conditionally **GRANTED** with regard to claim nine, for the reasons discussed above, within **NINETY (90) DAYS** from the date of this Order, unless the State of Florida grants Petitioner a new trial on count one in the state court consistent with the law.

6. The Clerk shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida this 16th day of May, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 5/16
Lawrence F. Carter
Counsel of Record